| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| The United States of America, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Criminal H-14-84 |
| | § | |
| Eric Dewayne Phillips, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Suppression

1. *Introduction.*

The police stopped a man for a traffic violation. The officers said that they smelled marijuana and had probable cause to search his car. They discovered a gun, but no marijuana. Because it was not based on probable cause, the warrantless search was unconstitutional; its evidence will be suppressed.

2. *Background.*

Eric Dewayne Phillips is a felon. He has been convicted of three felonies – one in 1993, 1994, and 2002.

A little after 11:00 p.m. on January 27, 2014, he was driving a black, Mercedes-Benz S550 sedan – an expensive car. Phillips had recently left a nightclub, and he turned from a parking lot onto a highway frontage road. He pulled into the center lane of three. After driving a short way, he shifted into the right lane without signaling.

A Houston police officer, James Barnett, was driving behind him. Barnett and other officers had seen Phillips at the nightclub and followed him after he left. Barnett saw Phillips turn and change lanes without signaling. He caught up to Phillips, turned on his lights, and commanded Phillips to pull over. Barnett says that he stopped Phillips for not signaling before changing lanes, although he had been watching Phillips since leaving the club.

By this time, Phillips had stopped at a red light. Rather than staying there, Phillips rolled through the red light and pulled into a driveway.

Barnett pulled behind Phillips and walked to the driver's door. As he approached, Phillips began to roll his window down. Barnett sternly commanded him out of the car – it was the first thing he said.

Two women, Victoria Neuman and Kendall Dehaas, were riding in Phillips's car. One was sitting in the front passenger seat and the other in the back, right seat. After Phillips was ordered out of the car and led to Barnett's cruiser, another officer ordered the women out of the car.

While the women were being removed, Barnett hand-cuffed Phillips and started talking with him. Barnett asked why Phillips rolled through the red light and did not obey his commands to pull over. Barnett accused Phillips of "airing out his car." He said that he "could smell the weed from behind Phillips." Phillips responded, "I smoke weed and all that shit, but I really thought you said to pull over to the side."

After removing the women, two officers immediately began searching the car. One officer can be seen searching the driver's door, floor-board, seat and console as the women are removed. The other briefly looks around the front passenger's seat.

After Barnett mentioned marijuana, another officer, Kevin Neimeyer, began searching the car, along with the other two officers. The search yielded a silver Sig Sauer P230 – a .380 caliber, semi-automatic pistol. They found no marijuana, drug paraphernalia, or other contraband.

The pistol was underneath the rear, passenger-side seat cushion. Dehaas – one of the passengers – told the officers that Phillips put the gun under the seat and told her to sit on it.

3. *Probable Cause.*

The government says that the officers' warrantless search was based on probable cause. It says that the odor of marijuana – by itself – gave the officers probable cause to search the car.

Probable cause is a common-sense decision that a crime is more likely than not to have occurred.[1] It is a holistic appraisal of the situation, guided by common sense.

---

[1] Illinois v. Gates, 462 U.S. 213, 238 (1983).

Assuming the government were correct that the odor of marijuana gave it probable cause to search Phillips's car, the officers began searching before even mentioning the odor. Officers arriving seconds after Barnett removed Phillips were the first to search the car. Barnett never spoke to them nor told them that he smelled marijuana. They simply began searching.

The police may remove a driver from his car after he is stopped. They may also search what is in plain view. Rifling through the driver's door pocket and poking around the two front seats with a flashlight while inside the car up to the waist is not a plain-view search.

The odor of marijuana is not a master key that releases the Constitution's restriction on searches. It is not a touchstone for the reasonableness of a search. It is a fact – a fact that helps inform whether crime is afoot. It cannot be considered apart from its context.

Taken alone, the odor of marijuana cannot give the police probable cause to search. If it could, the police, not the judiciary, would be the ultimate arbiters of the reasonableness of a warrantless search. Odor is transient. It cannot be preserved, and there is often no evidence of its existence after-the-fact. An officer's claim that he smelled marijuana – no matter the verisimilitude – would be the touchstone of constitutionality. This cannot be the standard. A neutral and detached magistrate must be able to evaluate the constitutionality of police action.

Curiously, Barnett and the other officers do not say that the women also smelled like marijuana, though both were at the club with Phillips and in the same car that, apparently, reeked of marijuana. It is also peculiar that when Barnett approached the car, its windows were rolled up. An anomalous condition for someone who was "airing out" his car.

Assuming Phillips smelled like marijuana, this fact did not justify the officers' search. Phillips had recently left a night club. Many people use drugs and smoke in nightclubs. Many people smoke marijuana in nightclubs. It is unremarkable that Phillips would smell like marijuana having just come from a nightclub.

Phillips said that "he smoked weed and all that shit." He did not say that he was smoking weed. He did not say that he had weed in his car. Indeed, when asked by Barnett if he had anything illegal in his car, Phillips said "no." At best, the officer could surmise that at some point, Phillips had smoked marijuana – an inference that would only tenuously support the conclusion that Phillips had marijuana in his car.

Similarly, had Phillips smelled of alcohol and said that "he drank and all that shit," the officer could not have reasonably inferred that he probably had an open container of alcohol in his car. The smell alone would not justify a search of the car.

The simple fact is that the officers knew Phillips. They knew that he was a felon and they followed him after he left the club intent on stopping and searching him. The officers have probably never stopped someone for not signaling their lane change when it did not endanger someone else.

4. *Conclusion.*

Being a police officer is hard, demanding work; it nevertheless must be done right. Reciting trite phrases from cases – "I detected the odor of what, in my training and experience, I have come to know as marijuana" – abdicates the officer's responsibility and his best tool – common sense. It is akin to saying that Phillips's car smelled like a gun.

The reasonableness of a search must be determined from the facts that confronted the officer. That contraband was discovered is no justification. That Phillips is three times a felon does not deprive him of his constitutional rights.

The officers' search of Phillips's car was unreasonable. It was not based upon a warrant or probable cause. The gun discovered by the search will be suppressed.

Signed on May 10, 2015, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge